## No. 13,267.

### GEORGE L. BRIGHT VS. WALTER C. MURPHY.

#### SYLLABUS.

When the person sued for a trespass personally and individually is a public functionary or agent, the proof must affirmatively show that he did some wrongful or illegal act tending to render him liable personally; and in the absence of such proof, he can not be held responsible for illegal acts performed under color of official authority.

State agents and boards are endowed with no immunity from liability for trespass, but proof of some wrongful act should be made before liability will attach.

APPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

*George L. Bright,* Plaintiff and Appellant, *in propria persona.*

*Cunningham & Cunningham* for Defendant, Appellee.

The opinion of the court was delivered by

WATKINS, J. The following extract from the brief of the plaintiff, presents his case very clearly, viz:

"The petition of the plaintiff alleges that he is the owner of a tract " of land that has a front of 704 feet 6 inches on the New Canal and " Shell Road; that the defendant, Murphy, maliciously, contriving and " intending to hinder and deprive him of his rights and privileges to

" said property, and to unjustly aggrieve, vex, and damage him, did dig
" and haul away, and is now digging and hauling away, earth from in
" front of his property, making holes and excavations, thereby depriv-
" ing him of his rights of the use, beauty, and value of his property,
" and of the free and unobstructed egress and ingress thereto. He
" claims $300 for refilling the holes and excavations, and $1000 damages,
" nominal and exemplary; and he prays for an injunction."

He also claims one thousand dollars as punitory damages. To this
petition, the defendant filed the following exception, viz:

"That the work complained of is being done on the property of the
" State, under the direction and by order of the Board of Control of the
" New Basin Canal and Shell Road, which has, under the law, full
" charge and control thereof, exceptor being merely their executive
" officer, as the superintendent of said New Basin Canal and Shell
" Road, in which capacity alone he is acting; and that, therefore, said
" Board of Control is a necessary party to this suit, exceptor having no
" right or authority to stand in judgment for said Board, and suit was
" improperly brought against him individually."

By consent of the parties, this exception was referred to the merits,
and thereupon the defendant filed the following answer, viz:

"He specially denies that he ever dug or hauled away the earth from
in front of plaintiff's property described in his petition, or that he ever
did any act maliciously intending to injure plaintiff or interfere with
his property in any way. Respondent shows that on or before the filing
of this suit, under contract made April 28, 1898, between J. H. Gardner
and the Board of Control of the New Basin Canal and Shell Road
through its president, acting in pursuance of its order and direction,
said J. H. Gardner, as such contractor, was engaged in building a pile
revetment along the west bank of the New Basin Canal between the
New Orleans & Western Railroad Bridge and Carrollton avenue, and
filling with earth the intervening space between said revetment and the
shell road; that before the filing of this suit, all the work on that part
of the line in front of plaintiff's property had been completed and,
therefore, there was no existing ground for an injunction. That all the
earth taken from in front of plaintiff's property and used in filling
said space behind the revetment was taken from the State's property,
lying back of the shell road, and it had all been previously taken from
the bottom of the canal in dredging, either by the Board of Control or
under contract with it."

Bright vs. Murphy.

On these issues the cause was tried, and by the judge *a quo* decided in favor of the defendant, rejecting the plaintiff's demand, and the latter has appealed.

The defendant is charged with a trespass upon the plaintiff's land which is situated adjacent to the New Canal and Shell Road, and that he is maliciously contriving and intending to hinder and deprive him of his rights and privileges on, and access to his property, and to unjustly aggrieve, vex and damage him, by digging and hauling away earth from in front of his property. His claim, in argument, is that it is sufficient to make out his case, that the proof shows that the defendant did the digging, notwithstanding it also shows that he was, at the time, the superintendent of the canal. But the defendant's exception is to the effect, that the work was done on the property of the State, and under the direction and by order of the Board of Control of the New Basin Canal and Shell Road, which, under the law, had full charge and control thereof; and that he was merely its superintendent.

He specially denies that he dug or hauled any earth away from the front of plaintiff's property, or that he ever, in any way, intended to injure him. He avers that all the earth taken from the front of plaintiff's property and used in filling in the space behind the revetment, "was taken from the State's property, lying back of the shell road, and it had all been previously taken from the bottom of the canal in dredging," etc.

We are of opinion that either one of the foregoing defenses, if sustained by the proof, is perfect and complete.

The judge *a quo* assigns the following reasons for judgment, viz:

"The evidence supports the defense tendered by the exception, as well as by the answer. Whatever was done, of which the plaintiff complains, was done by the New Basin Canal and Shell Road Board of Control, whether through Gardner, as contractor, or defendant as superintendent. Personally, the defendant did nothing, and the Board is not sued. The plaintiff was notified by the defendant's exception that the Board of Control was a necessary party."

The judge concludes his statement with the following very just observation, viz: "There is no rule of law or justice that would hold the defendant liable to the plaintiff for any cause alleged herein."

The Board of Control of the New Basin Canal and Shell Road is created by statute, and its members are appointed by the Governor; and the management of its affairs is placed under a superintendent who is,

also, appointed by the Governor. To him is confided the management of the affairs and operation of the canal and shell road; and upon him is imposed the responsibility of their administration. Sections 1 and 5 of Act 144 of 1888.

The Act provides, "that the said superintendent shall, under the direction of the said Board of Control, proceed without unreasonable delay, to repair and improve said canal and shell road, and he shall keep the shell road in repair, etc. *Id.* Section 17.

In virtue of the power vested in the Board, it passed the necessary ordinance or resolution directing the letting out by contract the work of revetting the canal and the filling in the space between the revetment and the bank. That, after due advertisement, the president, or chairman of the Board, let the work to J. H. Gardner by contract; and in the contract it was stipulated that the dirt to be used for the filling was to be obtained by the contractor from the bottom of the canal, by dredging.

The proof does show, however, that *some* of the dirt used in filling was taken from that portion of the State's property which is adjacent to that of the plaintiff; but the evidence discloses that the digging and removal of this dirt was done by Gardner as *contractor of the Board of Control* and by those persons who were in his employment. The work was not done by the defendant, nor by his direction. The contract for the work was let to Gardner by the Board of Control.

The defendant is sued as a trespasser for a personal and individual wrong-doing, and the proof fails to show that he did, personally, any act even tending to make him liable; and in the absence of such proof, he can not be held liable for an illegal act done under color of official authority derived from the Board of Control. State agents and Boards have no right to exemption from liability for trespass, but the proof of some wrongful or illegal act should be made before liability can attach. The person who committed the illegal act, must be brought before the court; or the person or official who authorized the act to be done, must be cited.

Neither one nor the other has been done in this case.

The judge *a quo* came to the conclusion that the plaintiff had failed to make out a case, and we concur in his opinion.

Jundgment affirmed.

Rehearing refused.